UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

ANNA FAKTOROVICH,                                    :
                                                                      :
                              Plaintiff,               :
                                                                      :
              -against-                                :    **SUMMARY ORDER OF REMAND**
                                                                      :    17-cv-1824 (DLI)(LB)
FLEET CAR LEASE, INC. & CHARLES        :
BLACKWELL,                                           :
                                                                      :
                              Defendants.          :
-----------------------------------------------------------------x

**DORA L. IRIZARRY, Chief Judge:**

On March 31, 2017, defendants Fleet Car Lease, Inc. and Charles Blackwell ("Defendants") filed a notice to remove this action from the Supreme Court for the State of New York, Kings County to this Court. (Notice and Petition of Removal, Dkt. Entry No. 1 (the "Notice").) For the reasons set forth below, this case is remanded *sua sponte* to the state court.

## BACKGROUND

On December 21, 2016, Anna Faktorovich ("Plaintiff") commenced this action in state court alleging she suffered injuries due to Defendants' negligent "operation, maintenance, management and control of their motor vehicles, in," *inter alia*, "causing, permitting and allowing them to come in contact with the plaintiff['s] vehicle." (Compl., Dkt. Entry No. 1-2 (the "Complaint").) Plaintiff further claims she "was caused to sustain serious permanent physical injury," but does not describe the extent of the injury, nor state the amount of damages she has suffered. (*Id.* at ¶ 14.) Defendants were not served with the Complaint until March 23, 2017. (Notice at ¶ 5; Proof of Service, Dkt. Entry No. 1-3.)

March 31, 2017, Defendants removed the case to this Court, asserting that there was federal subject matter jurisdiction pursuant to the diversity statute, 28 U.S.C. § 1332. (Notice at

¶¶ 2-3.)  Specifically, Defendants argues that there is complete diversity of citizenship between the parties and that "upon information and belief, plaintiff seeks an amount in damages that exceeds $75,000, exclusive of interest and costs, in this action."  (Notice at ¶ 3(e).)  Neither the Notice nor the Complaint contains any allegations of fact establishing the amount in controversy. Thus far, Plaintiff has not filed a motion for remand.

## DISCUSSION

As a threshold matter, the Court first must address whether it may remand this case to the state court *sua sponte*, absent a motion from Plaintiff.  The relevant statute, 28 U.S.C. § 1447(c), states in pertinent part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

*Id.*  The Second Circuit has construed this statute as authorizing a district court, at any time, to remand a case *sua sponte* upon a finding that it lacks subject matter jurisdiction.  *See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131, 133-34 (2d Cir. 2006) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)).

Here, as in all cases removed to the federal courts, the removing party has the burden of establishing that the amount in controversy exceeds the $75,000 jurisdictional threshold mandated by 28 U.S.C. § 1332(a).  *See Lupo v. Human Affairs Intern., Inc.*, 28 F.3d 269, 273-74 (2d Cir. 1994).  "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court."  *Id.*  The Second Circuit has cautioned district courts to "construe the removal statute narrowly, resolving any doubts against removability."

*Stemmle v. Interlake Steamship Co.*, 2016 WL 4098559, at \*3 (E.D.N.Y. July 27, 2016) (quoting *Lupo*, 28 F.3d at 274).

With respect to the amount in controversy jurisdictional requirement for diversity jurisdiction, the removing party must "prov[e] that it appears to 'a reasonable probability' that the claim is in excess of [$75,000]." *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994) (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994)). In this case, Defendants fail to meet their burden to show that the jurisdictional amount has been satisfied, as they rely solely on Plaintiff's general assertion that she was injured. (*See* Notice at ¶ 3(e); Compl. ¶ 14.) The Complaint did not specify an amount of damages (*see generally* Compl.), and the Notice does not describe any attempt made by Defendants to ascertain a damages amount (*see generally* Notice). Indeed, the only information in the Notice concerning the amount in controversy is made "upon information and belief," without support. (*See* Notice at ¶ 3(e).)

Additionally, Defendants cannot meet their burden in this case by relying on the face of the Complaint because the Complaint neither alleges a damages amount nor provides any information concerning the nature and extent of Plaintiff's injuries or the treatment received. As such, the Court is left to guess at the amount in controversy based on the Complaint's boilerplate allegation that Plaintiff:

> was caused to sustain serious permanent physical injury, became sick, sore lame and disabled, suffered injuries to her nervous system[;] suffered mental anguish, was confined to bed and home and may, in the future, be confined[;] was incapacitated from attending to usual duties and vocation and may, in the future be so incapacitated; will suffer a loss and/or limitation of quality and enjoyment of life[;] and plaintiff, **ANNA FAKTOROVICH**, was otherwise damaged.

(Compl. at ¶ 18.) Such a barebones, general pleading does not suffice to establish that this action involves an amount in controversy adequate to support federal diversity jurisdiction. *See Noguera*

*v. Bedard*, 2011 WL 5117598, at \*3 (E.D.N.Y. Oct. 26, 2011) (remanding personal injury action where neither the complaint nor the notice of removal "particularize[d] or amplifie[d] in any way the extent of plaintiff's injuries or damages").[1]  As Defendants have failed to meet their burden, this Court lacks subject matter jurisdiction over this case.

The Court notes that Defendants were not without recourse to determine the amount of damages Plaintiff seeks.  Pursuant to CPLR § 3017(c), a defendant "may at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled." N.Y. C.P.L.R. § 3017(c).  If the "supplemental demand is not served within fifteen days, the court, on motion, may order that it be served."  *Id.*  Rather than prematurely removing the action to this Court, Defendants should have availed themselves of the appropriate statutory provision, pursuant to which the state court, on motion, is to order the Plaintiff to respond to a demand for total damages.  *Noguera*, 2011 WL 5117598, at \*2 ("Defendants' remedy is not to presume, by plaintiff's silence, that the amount in controversy, if admitted, would confer federal subject matter jurisdiction, and thus remove the action.  Nor is it the province of this Court, in the face of its concerns regarding its own jurisdiction, to order plaintiff to respond when the state court has the power—indeed, the statutory obligation—to consider so doing.").

Accordingly, the Court finds that based on the information contained in the Complaint and the Notice, Defendants have failed to show a reasonable probability exists that Plaintiff's claim is in excess of $75,000.  Therefore, remand to the state court is proper.

---

[1]    Plaintiff's statement that she "has been damaged in the amount in excess of the jurisdictional limits of all lower courts," does not help Defendants' cause either because it merely conveys that she seeks more than $25,000, which is the jurisdictional limit of the Civil Court of the City of New York.  *See Woodley v. Massachusetts Mut.*, 2008 WL 2191767, at \*2 (S.D.N.Y. May 23, 2008) (remanding case for failure to satisfy jurisdictional amount where defendants relied solely on *ad damnum* clause in complaint stating that plaintiff was seeking damages in excess of the "monetary jurisdiction of all lower [c]ourts") (citing *S.S.I.G. Realty, Inc. v. Bologna Holding Corp.*, 213 A.D.2d 617, 624 (2d Dep't 1995); *see Woodley*, 2008 WL 2191767 at \*2 n.3 (collecting cases).

## **CONCLUSION**

For the reasons set forth above, this case is remanded to New York State Supreme Court,

Kings County, under Index No. 500223/2017.

SO ORDERED.

Dated:  Brooklyn, New York
      April 10, 2017

_____
/s/
DORA L. IRIZARRY
Chief Judge
